# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**CASE NO**. 9:20-cv-81308

**ADAM SELIGSON**,

    Plaintiff,

vs.

**RAPID PLUMBING & MECHANICAL, INC.**,
**ROBERT PUGLIESE, JR.,** individually, and
**JEANNIE LEHMBECK**, individually,

    Defendants.

_____/

## COMPLAINT

**ADAM SELIGSON** ("Plaintiff"), by and through the undersigned counsel, hereby sues **RAPID PLUMBING & MECHANICAL, INC.** (hereinafter "Rapid Plumbing"), **ROBERT PUGLIESE, JR.** (hereinafter "Pugliese"), individually, and **JEANNIE LEHMBECK** (hereinafter "Lehmbeck"), individually, (collectively "Defendants") and alleges as follows:

### INTRODUCTION

1. This is an action for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff seeks damages within this Court's jurisdiction, reasonable attorneys' fees, and costs pursuant to the FLSA, and all other remedies allowable by law.

1 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff was formerly employed by Defendants and performed work for Defendants in Palm Beach County, Florida.

4. Rapid Plumbing is, and was, a Florida company conducting business in Palm Beach County, Florida during the relevant period, August 12, 2017 through April 5, 2020.

5. Pugliese is, and was, a corporate officer for/operator of Rapid Plumbing during the relevant time period. Further, Pugliese controlled the business and Rapid Plumbing's employees (including Plaintiff) in terms of hiring, firing, scheduling, duties, work hours, calculation of wages, paying of wages, and ensuring compliance with local, state, and federal laws, including, but not limited to, the FLSA.

6. Lehmbeck is, and was, a corporate officer for/operator of Rapid Plumbing during the relevant time period. Further, Lehmbeck controlled the business and Rapid Plumbing's employees (including Plaintiff) in terms of hiring, firing, scheduling, duties, work hours, calculation of wages, paying of wages, and ensuring compliance with local, state, and federal laws, including, but not limited to, the FLSA.

7. Rapid Plumbing, Pugliese, and Lehmbeck are employers, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

8. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within the District.

## GENERAL ALLEGATIONS

**A. Defendants' Business and Interstate Commerce**

9. The primary purpose of Rapid Plumbing is to provide plumbing services (contracting, repair, and sales) for residential and commercial customers.

10. Under information and belief, Plaintiff alleges that Rapid Plumbing's gross annual revenue exceeded $500,000.00 during 2017, 2018, and 2019 and is expected to exceed $500,000.00 during 2020.

11. Rapid Plumbing customarily and regularly sold goods and services across state lines.

12. At all relevant times, Rapid Plumbing employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

13. Upon information and belief, Rapid Plumbing obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its

3 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

14. Rapid Plumbing, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

15. Rapid Plumbing is an employer engaged in interstate commerce and subject to the FLSA.

### B. Defendants' Employment and Failure to Properly Pay Plaintiff

16. Plaintiff's work began in and around February 2016.

17. During his employment, Plaintiff worked in a non-exempt capacity as a plumber for Defendants' customers.

18. The relevant time period for this matter is from August 12, 2017 through April 5, 2020.

19. Plaintiff, at all material times, was paid a salary. During the relevant time period for this matter, Plaintiff's salary was $62,400.00.

20. Throughout the relevant time period, Plaintiff worked approximately sixty-five hours [twenty-five (25) hours of overtime] per week.

21. Throughout the relevant time period, Defendants failed to have proper timekeeping procedures in place to track Plaintiff's exact work hours.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

22. Defendants willfully and intentionally failed to properly record Plaintiff's work hours and provide his with a proper overtime premium for each overtime hour worked.

23. Defendants were Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

24. Defendants intentionally refused to pay Plaintiff overtime wages he was owed under the FLSA.

### C. Pugliese and Lehmbeck's Employment of, and Failure to Properly Pay, Plaintiff

25. During the relevant period, Pugliese and Lehmbeck were Plaintiff's managers/supervisors as well as the general co-operators of the business.

26. During Plaintiff's employment, Pugliese and Lehmbeck acted as Plaintiff's supervisors/managers, provided Plaintiff with his work duties, gave feedback on the work Plaintiff performed for Defendants, had the ability to discipline Plaintiff, and were responsible for recording, calculating, and paying Plaintiff's work hours.

27. On or about April 5, 2020, Pugliese and Lehmbeck made the decision to terminate Plaintiff.

28. Pugliese and Lehmbeck intentionally refused to pay Plaintiff overtime wages he was owed under the FLSA.

29. Pugliese and Lehmbeck are partially or totally responsible for paying Plaintiff's wages.

5 | Page

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

30. Pugliese and Lehmbeck must be considered Plaintiff's employers, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

## COUNT I
## OVERTIME VIOLATION BY RAPID PLUMBING
## UNDER THE FAIR LABOR STANDARDS ACT

31. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 30 above as if fully set forth herein.

32. As part of its business, Rapid Plumbing purchased goods and materials that traveled through interstate commerce.

33. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

34. Upon information and belief, Rapid Plumbing obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

35. Rapid Plumbing, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

6 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

36. During his employment with Rapid Plumbing, Plaintiff worked overtime hours for which he was not compensated at a rate of no less than half his regularly rate of pay as required by the FLSA.

37. Rapid Plumbing did not compensate Plaintiff for his overtime despite knowledge of the overtime hours Plaintiff worked.

38. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

39. In addition, Rapid Plumbing is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Rapid Plumbing under the FLSA;
b. Award Plaintiff actual damages for the unpaid wages;
c. Award Plaintiff liquidated damages;
d. Award Plaintiff his attorneys' fees and costs;
e. Award Plaintiff all recoverable interest; and
f. Award any other relief this Honorable Court deems just and proper.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## COUNT II
## OVERTIME VIOLATIONS AGAINST ROBERT PUGLIESE, JR. UNDER THE FAIR LABOR STANDARDS ACT

40. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 30 above as if fully set forth herein.

41. Pugliese operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

42. Pugliese scrutinized Plaintiff's work and controlled how Plaintiff did his job.

43. During Plaintiff's employment with Defendants, Plaintiff consistently worked for Defendants over 40 hours per week.

44. During his employment with Defendants, Plaintiff worked overtime hours for which he was not compensated at a rate of time-and-a-half his regularly rate of pay as required by the FLSA.

45. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

46. Pugliese did not compensate Plaintiff for his overtime despite his knowledge of the overtime hours Plaintiff worked.

47. Pugliese is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his

8 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.  Enter judgment for Plaintiff against Pugliese under the FLSA;

b.  Award Plaintiff actual damages for the unpaid wages;

c.  Award Plaintiff liquidated damages;

d.  Award Plaintiff his attorneys' fees and costs;

e.  Award Plaintiff all recoverable interest; and

f.  Award any other relief this Honorable Court deems just and proper.

### COUNT III
### OVERTIME VIOLATIONS AGAINST JEANNIE LEHMBECK UNDER THE FAIR LABOR STANDARDS ACT

48.  Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if fully set forth herein.

49.  Lehmbeck operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

50.  Lehmbeck scrutinized Plaintiff's work and controlled how Plaintiff did his job.

51.  During Plaintiff's employment with Defendants, Plaintiff consistently worked for Defendants over 40 hours per week.

9 | Page

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

52. During his employment with Defendants, Plaintiff worked overtime hours for which he was not compensated at a rate of time-and-a-half his regularly rate of pay as required by the FLSA.

53. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

54. Lehmbeck did not compensate Plaintiff for his overtime despite his knowledge of the overtime hours Plaintiff worked.

55. Lehmbeck is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

g.  Enter judgment for Plaintiff against Lehmbeck under the FLSA;

h.  Award Plaintiff actual damages for the unpaid wages;

i.  Award Plaintiff liquidated damages;

j.  Award Plaintiff his attorneys' fees and costs;

k.  Award Plaintiff all recoverable interest; and

l.  Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

Dated:  August 12, 2020

                                        Respectfully submitted,

                                        By: ***/s/ Brody M. Shulman***
                                        Brody M. Shulman, Esq.
                                        Florida Bar No. 92044
                                        brody@pba-law.com

                                        **PERERA BARNHART ALEMAN, P.A.**
                                        300 Sevilla Avenue, Suite 206
                                        Coral Gables, Florida 33134
                                        Telephone: 786-485-5232

                                        *Counsel for Plaintiff*

11 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232