UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-CIV-81308-REINHART

**ADAM SELIGSON**,

    Plaintiff,

v.

**RAPID PLUMBING & MECHNICAL, INC.,**
**ROBERT PUGLIESE, JR.,** individually, and
**JEANNIE LEHMBECK**, individually,

    Defendants.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND
JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE**

Plaintiff, ADAM SELIGSON, and Defendants, RAPID PLUMBING & MECHNICAL, INC., ROBERT PUGLIESE, JR., and JEANNIE LEHMBECK (collectively the "Parties"), by and through their undersigned counsel, jointly notify the Court that the Parties have resolved the claims in this matter and hereby stipulate to the voluntary dismissal with prejudice of this action in its entirety pursuant to Fed. R. Civ. P. 41(a)(1), subject to the Court's review and approval of the settlement agreement.

The Parties jointly move the Court for entry of an Order approving the Parties' settlement agreement and for dismissal of this action, with prejudice. To facilitate the Court's review of the Parties' settlement agreement (the "Agreement"), a copy of the executed Agreement has been provided for the Court's *in camera* review.

**I.**     **Background**

Plaintiff asserts claims in this action for alleged unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA").

Defendants deny Plaintiff's claims asserting, *inter alia*, that Defendants paid Plaintiff all compensation to which he was entitled.

From the onset of this litigation, the Parties laid out their respective positions on the facts and law. Ultimately, the Parties were able to negotiate and agree on a settlement of this action under the terms set out in the Settlement Agreement.

## II.     Legal Principles

Under well-established law, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employees is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the court enters a judgment approving the fairness of the settlement. *Id.; see also Schulte, Inc. v Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In addressing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves just such a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which is adversarial in nature. *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (*Lynn's Food Stores, Inc.* fairness concerns not implicated regarding settlement that occurred within the context of a lawsuit where a plaintiff-employee is represented by counsel), *followed by Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012). During the litigation and settlement of this action, Plaintiff was and is represented by experienced counsel.

The Parties' settlement of the unpaid overtime wage claim is the result of a bona fide compromise between them on a variety of disputes of law and fact, including without limitation: (a) whether Plaintiff was properly compensated for any overtime work he performed; (b) whether Defendants maintained proper records of Plaintiff's hours worked; and (c) whether Defendants' actions were non-willful and/or taken in good faith with reasonable grounds for Defendants' actions.

The following factors are typically considered by the Court in determining the reasonableness of the agreement:

    (1) the existence of fraud or collusion behind the settlement;
    (2) the complexity, expense, and likely duration of the litigation;
    (3) the stage of the proceedings and the amount of discovery completed;
    (4) the probability of plaintiff's success on the merits;
    (5) the range of possible recovery; and
    (6) the opinions of the counsel.

*Hamilton v. Frito-Lay, Inc.*, 6:05-CV-592-ORL-22JGG, 2007 WL 328792 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted,* 6:05-CV-592-ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

As to the *first factor*, there is no fraud or collusion behind the settlement. Plaintiff, represented by counsel, filed a claim for unpaid overtime wages against Defendants, also represented by counsel. Both Parties are represented by counsel experienced in FLSA matters and routinely litigate labor and employment matters. The Parties have decided to resolve the claim only due to the disputed issues of facts and inherent risks of litigation. *Infra.*

As to the *second factor*, should the case proceed to trial, the Parties would be required to submit to depositions, as well as undertake the deposition of third-party witnesses in the case. The Parties would have had to expend significant time and resources in preparation for trial, as well as attend a two to three-day trial. Additionally, there is the possibility that the non-prevailing party may appeal the verdict, albeit the statistical possibility of an appeal cannot be presently ascertained. The expense of litigation to the Defendants is far greater than the amount of the settlement.

As to the *third factor*, the litigation is currently in the discovery phase. The Parties intended to propound discovery, to depose the other's clients and numerous witnesses. The Parties have also discussed the disputed issues, which spurred settlement.

As to the *fourth factor*, there are several disputed issues. The Parties dispute (a) whether Plaintiff was properly compensated for any overtime work he performed; (b) whether Defendants maintained proper records of Plaintiff's hours worked, and (c) whether Defendants' actions were non-willful and taken in good faith. Thus, there is a *bona fide* dispute as to whether Plaintiff was properly paid for any overtime work he performed.

Additionally, Plaintiff contend the alleged FLSA violations lacked good faith and liquidated damages should be imposed. Defendants allege they acted in good faith and that their actions or omissions were based on reasonable grounds for believing that they were not a violating the FLSA. Assuming, *arguendo*, Defendants' position is correct, Plaintiff would be precluded from recovering liquidated damages. Thus, Plaintiff's recovery, if any, could be limited to the unliquidated wage portion which, in turn, severely limits their damages.

As to the *fifth factor*, should Defendants have prevailed based on any of their defenses, Plaintiff potentially may have recovered far less than what is claimed in the Complaint, not recovered anything, or may have owed a cost judgment to the Defendants. Should Plaintiff prevail, the Defendants may potentially fail on all defenses and be indebted to the Plaintiff for a Judgment for wages, for part or the entire of Plaintiff's claim, as well as an award for liquidated damages, and attorneys' fees and costs. Consequently, the Parties recognize the inherent uncertainty in proceeding with this action, the preoccupation of litigation, the investiture of additional time to continue to litigate this case, the additional expenditure of fees and costs that will accrue as this matter moves forward (especially to trial), the uncertainty of whether any money judgment would be collectable, and the possibility that such a judgment would be discharged in bankruptcy. In recognition of these concerns, the Parties have agreed to resolve this action.

Plaintiff's attorneys' fees and costs were, at all times, negotiated separately from the amount claimed by Plaintiff for his underlying claims and are not a function of any percentage of recovery. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *15-16 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was

5

Case 9:20-cv-81308-BER   Document 23   Entered on FLSD Docket 09/25/2020   Page 6 of 7

CASE NO. 9:20-CIV-81308-REINHART

adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."  A detailed report containing every time and cost entry in this case will be provided for the Court's *in camera* review.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.  Plaintiff and his counsel discussed the viability of Plaintiff's claims and formulated their own proposed settlement figures.  The Parties then continued to engage in settlement discussions based upon their independent calculations.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations.  All Parties were counseled and represented by their respective attorneys through the litigation and settlement process.  The Agreement has been signed by the Parties.

**III.   Conclusion**

The Parties jointly request that this Court approve the Parties' settlement agreement and request that the Court dismiss this action with prejudice.

Dated: September 25, 2020

Respectfully submitted,

*s/ Brody M. Shulman*
Brody M. Shulman, Esq.
Florida Bar No. 92044
PERERA BARNHART ALEMÁN
300 Sevilla Avenue
Suite 206
Coral Gables, FL 33134
E-mail: *brody@pba-law.com*
Tel.: (786) 485-5232
*Attorneys for Plaintiff*

*s/ Lauren K. Goff*
Lauren K. Goff, Esq.
Florida Bar No. 1015854
E-mail: *lauren.goff@jacksonlewis.com*
Leslie Lagomasino Baum, Esq.
Florida Bar No. 1007655
E-mail: *leslie.baum@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Tel.:  (305) 577-7600
Fax:  (305) 373-4466
*Attorneys for Defendants*

CASE NO. 9:20-CIV-81308-REINHART

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of September 2020, a true and correct copy of the foregoing was served by CM/ECF, on all counsel or parties of record on the Service List below.

*s/ Leslie Lagomasino Baum*
Leslie Lagomasino Baum, Esq.

**SERVICE LIST**

Brody M. Shulman, Esq.
Florida Bar No. 92044
PERERA BARNHART ALEMÁN
300 Sevilla Avenue
Suite 206
Coral Gables, FL 33134
E-mail: *brody@pba-law.com*
Tel.: (786) 485-5232

*Attorneys for Plaintiff*

Lauren K. Goff, Esq.
Florida Bar No. 1015854
E-mail: *lauren.goff@jacksonlewis.com*
Leslie Lagomasino Baum, Esq.
Florida Bar No. 1007655
E-mail: *leslie.baum@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305) 577-7600
Fax: (305) 373-4466

*Attorneys for Defendants*